APPLICATION FOR REHEARING
Rehearing denied.
KNOLL, J.,
dissenting in part on the application for rehearing.'
LI would grant a rehearing in part only on the issue concerning whether the three letters exchanged between the village of Bonita and DOTD were discoverable and admissible. I find it significant Bonita’s mayor penned two of the letters in question and all three letters were maintained in the village files. In my view, these letters form the very gray area of information that may be discoverable and admissible under a broad interpretation of 23 U.S.C. § 409.
Although the opinion of this Court analyzes the current federal and state jurisprudence, I find it fails to duly recognize the well-accepted tenet that 23 U.S.C. § 409 is a statute that establishes an evi-dentiary privilege and “must be construed narrowly because privileges impede the search for the truth.” Pierce County v. Guillen, 537 U.S. 129, 144-45, 123 S.Ct. 720, 154 L.Ed.2d 610 (2003); see also Baldrige v. Shapiro, 455 U.S. 345, 102 S.Ct. 1103, 71 L.Ed.2d 199 (1982). It is clear this Court attempts to view the documents in question with regard to the purpose for which they were created, but I find it does so without attention to the narrow interpretation Pierce County requires. Accordingly, I am concerned future litigants may view this Court’s resolution of the issue at hand as evidence that 23 U.S.C. § 409 may be broadly interpreted when narrow interpretation should be this Court’s guidepost. Therefore, I would grant rehearing solely to further address this issue.